## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

WILLIE CARL MILTON, ENS
LEGIS LL-E, by WILLIE CARL
MILTON, SUI JURIS,

                Petitioner,

        vs.

UNITED STATES OF AMERICA, INC.,
EXECUTIVE DEPARTMENT OF
JUSTICE, et al., JOSE VAZQUEZ,
Warden, FCI, Jesup,

                Respondents.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.: CV205-140

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Willie Carl Milton ("Milton"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Milton filed a Traverse. For the reasons which follow, Milton's petition should be **DISMISSED**.

### STATEMENT OF THE CASE

After a jury trial, Milton was convicted in the Middle District of Florida for intent to distribute more than fifty (50) grams of cocaine base, carrying a firearm in relation to a drug trafficking offense, and possession of a firearm by a convicted felon, in violation of 18 U.S.C.

AO 72A
(Rev. 8/82)

§§ 841(a)(1), 924(c), and 922(g).  On appeal, the Eleventh Circuit affirmed his convictions. Milton filed a 28 U.S.C. § 2255 motion, which the trial court denied and the Eleventh Circuit affirmed.  Milton filed a section 2241 motion which the trial court denied because it found it to be a successive section 2255 motion.  Milton also filed a motion under 18 U.S.C. § 3583(c)(2).  The trial court denied this motion because it construed it as an untimely, third successive section 2255 motion.

Milton generally contends that the Bureau of Prisons (BOP) has unconstitutionally incarcerated him.  Milton contends that the Federal Government fraudulently prosecuted and convicted him pursuant to "acts of Congress which are not locally applicable to or in force over or within the privately owned land and property wherein the alleged offenses allegedly occurred." (Doc. No. 1, p. 6.)  Milton alleges that the BOP lacks the authority to imprison him.

Respondent contends that Milton's "territorial jurisdiction" argument is unavailing because Milton admits that his crime occurred in Jacksonville, Florida.  Respondent further asserts that the BOP has the authority to incarcerate Milton in a facility of the BOP's choice for the duration of his federal sentence.  Respondent concludes that, to the extent Milton contests his criminal conviction and sentence, his motion would be proper under section 2255; however, Respondent asserts that Milton has not sought approval from the Court of Appeals to file a successive section 2255 motion.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction.  28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  However, in those instances where a section 2241 petition attacking custody

2

resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).  Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis added).   The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy.  Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Milton has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances.  See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

In his petition, Milton does not address the Wofford requirements. Milton does not allege that his conviction and sentence should be vacated or amended based on a retroactively applicable decision of the Supreme Court, nor does he allege that the law of this circuit prevented his claims at a previous time. Milton also fails to indicate that circuit law squarely foreclosed his claims. See id. Accordingly, Petitioner has not satisfied the requirements of § 2255's savings clause.

To the extent Milton's petition for writ of habeas corpus can be construed as a section 2255 motion, he may not proceed with this cause of action. Before a petitioner can file a successive § 2255 motion in a district court, 28 U.S.C. § 2244 requires that he move the appropriate appellate court for an order authorizing the district court to hear the petition. 28 U.S.C. § 2244(b)(3)(A). An appellate court panel applying section 2255's gatekeeping provisions determines whether a successive section 2255 filing may proceed. 28 U.S.C. §

4

2244(b)(3)(D).[2] Milton has failed to move the Eleventh Circuit for an order authorizing this Court to review his claims.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Milton's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED,** this _9th_ day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] If a petitioner's particular circumstances do not satisfy these gatekeeping provisions for successive motions, his claims may fall under section 2255's savings clause. However, a petitioner may not circumvent the restrictions imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") on successive filings and file a section 2241 habeas petition merely because relief was denied under section 2255; to do so would allow the exception to swallow the rule. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (citing Wofford, 177 F.3d at 1245).